ORIGINAL

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX.
FT. WORTH DIVISION

2009 JUL 14  AM 9: 59

CLERK OF COURT

Jerry J. Jarzombek, Esq.
714 W. Magnolia
Fort Worth, Texas 76104
817-348-8325
817-348-8328 Facsimile

## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

|  |  |
|---|---|
| CHERIE HOLLAND, § | Civil Action No. |
| § | |
| Plaintiff, § | **4 - 09 CV - 4 0 7 - Y** |
| § | **COMPLAINT** |
| vs. § | **and** |
| § | **DEMAND FOR JURY TRIAL** |
| § | |
| UNITED COLLECTION BUREAU, INC. § | |
| D/B/A UCB, INC, § | |
| § | |
| Defendant. § | |
| § | (Unlawful Debt Collection Practices) |

### Preliminary Statement

1.      Plaintiff, Cherie Holland ("Holland"), brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), as well as under the Texas Debt Collection Act, Tex. Finance Code § 392.001, *et seq.* ("TDCA") and the Texas Deceptive Trade Practices Act, Subchapter E, Chapter 17, Business & Commerce Code ("DTPA"), to obtain statutory damages, actual damages, injunctive relief, declaratory relief, and other relief for the Defendant's violations of the FDCPA, the TDCA and the DTPA.

2.      Defendant, United Collection Bureau, Inc d/b/a UCB, Inc. ("UCB") attempted to collect a consumer debt allegedly owed by Plaintiff, arising from a purported obligation to Citibank. The obligation ("Debt") required Plaintiff to pay money arising out of transactions in which money, property, insurance, or services were the subject thereof and the same were primarily for personal, family, or household purposes.

### Jurisdiction and Venue

3.      Jurisdiction of this Court attains pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337(a), and the doctrine of pendent jurisdiction for the TDCA claims pursuant to 28 U.S.C. § 1367.

4.      Venue in the Northern District of Texas is proper under 28 U.S.C. § 1391(b)-(c) and because the acts and transactions occurred here and the Defendant transacts business here.

### Parties

5.      Plaintiff is a citizen of the State of Texas.  Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and  Tex. Finance Code § 392.001(1).

6.      UCB is an entity engaged in the business of collecting consumer debts in the Northern District of Texas.  The principal purpose of UCB's business is the collection of consumer debts using the mails and telephone, and it regularly attempts to collect consumer debts for others.  UCB is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Tex. Finance Code § 392.001(6). UCB is also a "third-party debt collector" as defined by Tex. Finance Code § 392.001(7).

## Factual Allegations

7.      Sometime around the early days of December 2008, a telephonic communication occurred between the Plaintiff on one hand, and UCB on the other. During that conversation, the Plaintiff told UCB she was unable to pay the Debt UCB sought to collect, and inquired as to what Citibank would do. The representative of UCB stated that "Citibank … would pursue further actions which means they are going to take you to court. You're going to be responsible for everything that – you know for every – for the whole entire amount. And if you have, let's says, anything that has something to do with, you know, you owning … what Citibank would do normally, from what I've seen, they will either put a – place a lien on homes, a lien on businesses. They will find any way, by any means, to take, you know, to make sure they get their funds."

8.      The Plaintiff then inquired as to whether any wages would be garnished. The UCB representative responded: "Everything. They will do anything to make sure they will get those – that they get that money back."

9.      Plaintiff then inquired as to her income tax refund, if there was any. The UCB representative responded:  "They will stop everything. Everything will go directly to Citibank."

10.      Plaintiff then inquired as to whether a judgment would be placed against her house. The UCB representative responded: "Everything. They will put a lien on it. Everything."

11.      Plaintiff then inquired as to what would happen to her car. The UCB representative responded: "They will take that car away."

12.   The UCB representative also stated that "I have seen properties been taken away. I've seen businesses been gone, you know, taken away, too. Anything they can possibly put their hands on, they will, by law."

13.   The foregoing acts and omissions were undertaken on behalf of the Defendant by its respective officers, agents, or employees acting at all times relevant hereto within the scope of that relationship.

14.   The foregoing acts and omissions of the Defendant were undertaken by it willfully, intentionally, knowingly, and/or in gross disregard of the rights of the Plaintiff.

15.   The foregoing acts and omissions of the Defendant were undertaken indiscriminately and persistently, as part of Defendant's regular and routine collection efforts, and without regard to or consideration of the identity or rights of the Plaintiff.

### First Claim for Relief

16.   The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs. The Defendant's violations of the FDCPA include, but are not limited to the a. following:

    a.   In violation of 15 U.S.C. § 1692d, the Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt, which conduct included:

        i.   Representing that a lien could be place on Plaintiff's home to satisfy the Debt;

        ii.   Representing that Plaintiff's wages could be garnished to satisfy the Debt;

        iii.   Representing that Plaintiff's business could be taken to satisfy the Debt;

        iv.   Representing that Plaintiff's car could be taken to satisfy the Debt.

b.   In violation of 15 U.S.C. § 1692e, 15 U.S.C. § 1692e (2)(a), 15 U.S.C. § 1692e(10), and the "least sophisticated consumer standard," the Defendant used objectively false representations and/or false, deceptive, or misleading representations or means in connection with the collection of a consumer debt.

c.   In violation of 15 U.S.C. § 1692f, the Defendant used unfair or unconscionable means to collect or attempt to collect a consumer debt, which conduct included:

ii.   Representing that a lien could be place on Plaintiff's home to satisfy the Debt;

ii.   Representing that Plaintiff's wages could be garnished to satisfy the Debt;

iii.   Representing that Plaintiff's business could be taken to satisfy the Debt;

iv.   Representing that Plaintiff's car could be taken to satisfy the Debt.

17.   Under 15 U.S.C. § 1692k, Defendant's violations of the FDCPA render it liable to Plaintiff for statutory damages, actual damages, costs, and reasonable attorney's fees.

## Second Claim for Relief

18.   The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs. The Defendants' violations of the TDCA include, but are not limited to the following:

a.   In violation of Tex. Fin. Code § 392.301(a)(8), the Defendant took an action prohibited by law.

b.   In violation of Tex. Fin. Code § 392.304(a)(8), the Defendant misrepresented the character of a consumer debt.

c.   In violation of Tex. Fin. Code § 392.304(a)(19), Defendants used false representations and deceptive means to collect a consumer debt.

19.     Under Tex. Fin. Code Ann. § 392.403, the Defendant's violations of the TDCA render it liable to Plaintiff for statutory damages, actual damages, injunctive relief, declaratory relief, costs, and reasonable attorney's fees.

### Third Claim for Relief

20.     The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs. The Defendant's violations of the DTPA include, but are not limited to the following:

      a.     Pursuant to Tex. Fin. Code Ann. § 392.404, the Defendants' violations of the TDCA also constitute a deceptive trade practice under Subchapter E, Chapter 17, Business & Commerce Code, ("DTPA") and is actionable under that subchapter.

21.     Under Tex. Bus. & Com. Code Ann. § 17.50(b)(2), the Defendant's violations of the DTPA render it liable to Plaintiff for injunctive relief and reasonable attorney's fees.

### Prayer for Relief

WHEREFORE, the Plaintiff prays that this Court:

1.     Declare that Defendant's actions violate the FDCPA, the TDCA and the DTPA.

2.     Enjoin the Defendant's actions which violate the TDCA and the DTPA.

3.     Enter judgment in favor of Plaintiff and against Defendant for statutory damages, actual damages, costs, and reasonable attorneys' fees as provided by 15 U.S.C. § 1692k(a) and/or Tex. Fin. Code Ann. § 392.403 and/or Tex. Bus. & Com. Code § 17.50(d).

4.     Grant such further relief as deemed just.

Respectfully submitted,


Jerry J. Jarzombek
Texas Bar No. 10589050

THE LAW OFFICE OF JERRY JARZOMBEK, PLLC
714 W. Magnolia
Fort Worth, Texas 76104
817-348-8325
817-348-8328 Facsimile


## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.


Respectfully submitted,


Jerry J. Jarzombek
Texas Bar No. 10589050

THE LAW OFFICE OF JERRY JARZOMBEK, PLLC
714 W. Magnolia
Fort Worth, Texas 76104
817-348-8325
817-348-8328 Facsimile

CT DRMT  **CIVIL COVER SHEET**

ORIGINAL

RECEIVED
NORTHERN DIST OF TX
FT WORTH DIVISION

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Cherie Holland | United Collection Bureau, Inc. 2009 JUL 14  AM 9: 59 |

(b) County of Residence of First Listed Plaintiff  **Tarrant**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant CLERK OF COUR
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Jerry J. Jarzombek; 714 W. Magnolia Ave.; Fort Worth, TX 76104
817-348-8325

Attorneys (If Known)

**4-09 CV-407-Y**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC 1692 et seq

Brief description of cause:
Unlawful debt collection

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $  1,000.00 +
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):    JUDGE                    DOCKET NUMBER

DATE  07/13/2009        SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # FW9047  AMOUNT  350  APPLYING IFP  ____  JUDGE  Y  MAG. JUDGE  ____

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS

### Civil Filing Notice - Fort Worth Division

| | |
|---|---|
| **CIVIL ACTION NO:** | **4 - 09 CV - 40 7 - Y** |
| This case has been assigned to District Judge: | |
| (Complete if applicable) | |
| TRANSFERRED FROM: | DATE FILED: |

Civil cases are assigned to a judge by random draw. A docket clerk for each judge maintains the recording of documents filed with the Clerk. A complete list of phone numbers for both the judges' chambers and the docket clerks is provided.

| Judge | Court Settings | Pleadings Filed |
|---|---|---|
| (A)  Judge John H. McBRYDE | (817)850-6650 | (817)850-6611 |
|     Even Cases: 850-6652   Odd Cases: 850-6653 | | |
| (Y)  Judge Terry R. MEANS | (817)850-6673 | (817)850-6612 |
| (BE) Magistrate Judge Charles BLEIL | (817)850-6690 | (817)850-6697 |

For access to local rules, attorney admission information, frequently asked questions, common forms, filing instructions, and records information, please visit our web site at **www.txnd.uscourts.gov**. To speak to someone in the district clerk's office, please call (817) 850-6601.

To receive electronic access to court docket sheets and filed documents, contact the PACER Service Center at **www.pacer.pcs.uscourts.gov** or by phone at 1-800-676-6856 for a log-in and password.